UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -against-                                       1:05-CR-210
                                                                      (LEK)

KARIM R. CHAPMAN,
a/k/a REEM, a/k/a ROMEO,

                        Defendant.
_____

## MEMORANDUM-DECISION AND ORDER

Presently before this Court is an omnibus motion dated June 23, 2005 by defendant Karim Chapman ("Defendant" or "Chapman"). In his motion, Defendant seeks: 1) dismissal of the indictment pursuant to 18 U.S.C. § 3162(a)(2), on the ground that he had not been indicted within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. ("Speedy Trial Act"); 2) dismissal of Counts 1 and 2 as a result of this Court's lack of jurisdiction; 3) suppression of evidence illegally seized pursuant to a search warrant executed at the residence of Shelly Flura on or about November 3, 2003; 4) dismissal of Counts 7 through 20 on the grounds that Defendant never engaged in interstate commerce. Omnibus Motion (Dkt. No. 11). For the following reasons, Defendant's omnibus motion is granted in part and denied in part.

**I.    BACKGROUND**

On December 17, 2003, a criminal complaint was filed charging Defendant with conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Complaint (Dkt. No. 1). The United States Marshals Service arrested Defendant on or about May 18, 2004. Affirmation of Joseph McCoy dated June 20, 2005 ("McCoy Aff.")

1

(Dkt. No. 11) at ¶ 5. Defendant made an initial appearance before Magistrate Judge Randolph F. Treece on May 27, 2004, at which time Craig Crist ("Crist") was appointed to represent Defendant.[1] Hearing Minutes (Dkt. No. 2). A forty-five day speedy trial time exclusion and waiver of preliminary hearing was signed by the Government and Crist, and ordered by Magistrate Judge David R. Homer on June 16, 2004, which excluded the period from June 16, 2004 to July 31, 2004. Stipulation (Dkt. No. 7). A second speedy trial time exclusion stipulation was signed by the parties on September 10, 2004, but was not so ordered by the Court. McCoy Aff. (Dkt. No. 11) at ¶ 11.

On April 28, 2005, a twenty-count indictment was filed against Defendant ("Indictment") for conspiracy to possess with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), possession and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, conducting financial transactions affecting interstate commerce involving the proceeds of unlawful activity with intent to promote the carrying on of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and conspiracy to conduct such financial transaction in violation of 18 U.S.C. § 1956(h). Indictment (Dkt. No. 8). Defendant filed an omnibus motion on June 23, 2005. Omnibus Motion (Dkt. No. 11). In a *pro se* letter and affidavit in further support of his omnibus motion, Defendant also seeks dismissal of Counts 4 through 6 on the grounds that there is insufficient evidence to support these counts. Affidavit of Karim Chapman dated August 12, 2005 ("Chapman Aff.") (Dkt. No. 20).

---

[1] Crist's representation of Defendant was terminated on February 24, 2005 and Joseph McCoy was assigned as Defendant's new counsel.

## II.   DISCUSSION

   A.   Speedy Trial Act

Section 3161(b) of the Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If "no indictment or information is filed within the time limit . . . such charge against that individual contained in such complaint shall be dismissed . . . " 18 U.S.C. § 3162(a)(1).

In this case, the Government does not dispute that it failed to indict Chapman within the Speedy Trial Act time limitations. Instead, the Government argues that the charges contained in the Indictment were not contained within the earlier complaint and therefore are not subject to the Speedy Trial Act. Gov't Memo. (Dkt. No. 21) at 7-8. Alternatively, the Government asserts that if any counts of the Indictment are dismissed as a result of a Speedy Trial Act violation, such dismissal should be done without prejudice. Id. at 8.

   1.   Counts Subject to the Speedy Trial Act

The Speedy Trial Act only requires dismissal of "such charge against that individual contained in such complaint . . ." 18 U.S.C. § 3162(a)(1). Therefore, only those charges specifically enumerated in both the complaint and the subsequent indictment are subject to dismissal on Speedy Trial Act grounds. United States v. Gaskin, 364 F.3d 438, 452 (2d Cir. 2004). This is true even "if the indictment charges 'arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint." Id. at 451 (citing United States v. Napolitano, 761 F.2d 135, 137

(2d Cir. 1985)). The Second Circuit Court of Appeals construes the language of Section 3161(a)(1) literally. See Napolitano, 761 F.2d at 137.

The criminal complaint alleges that Defendant "knowingly and intentionally conspired, confederated, and agreed with each other and others, known and unknown, to possess with intent to distribute and distribute crack cociane (cocaine base), a Schedule II controlled substance." Complaint (Dkt. No. 1). Only Count 1 of the Indictment alleges the same charge contained in the criminal complaint. Indictment (Dkt. No. 8). Therefore, the Court will dismiss Count 1 of the Indictment under Section 3162(a)(1) of the Speedy Trial Act. Counts 2 through 6 of the Indictment allege substantive possession of crack cocaine. Indictment (Dkt. No. 8). Although arising from the same criminal episode, "[c]onspiracy to distribute and to possess illegal drugs is a charge that is entirely distinct from a substantive possession charge; as such, one will survive the dismissal of the other on speedy trial grounds." United States v. Cortinas, 785 F. Supp. 357, 362 (E.D.N.Y. 1992) (quoting United States v. Badr, 604 F. Supp. 569, 580 (E.D.N.Y. 1985)), see also United States v. Cornelio, No. 02-1410, 2003 U.S. App. LEXIS 4067, at *4 (2d Cir. Mar. 7, 2003) ("[F]or speedy trial and other purposes, a conspiracy charge is considered a separate and distinct charge from the accompanying substantive charge."). As a result, Counts 2 through 6 are not subject to dismissal pursuant to 18 U.S.C. § 3162(a)(1). Similarly, Counts 7 through 20 of the Indictment allege that Defendant conducted financial transactions affecting interstate commerce which involve the proceeds of specified unlawful activity with intent to promote the specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and conspiracy to commit such a crime in violation of 18 U.S.C. § 1956(h). Indictment (Dkt. No. 8). The charges contained in Counts 7 through 20 were not contained in the criminal complaint, and

thus, there is no basis for dismissal of Counts 2 through 20 of the Indictment against Defendant on Speedy Trial Act grounds.

        2.       Dismissal With Or Without Prejudice

Having determined that Count 1 of the Indictment is the same as that in the criminal complaint, the Court must address whether the dismissal of Count 1 of the Indictment should be done with or without prejudice.

Neither the Speedy Trial Act nor the Second Circuit establishes a preference between the two. United States v. Taylor, 487 U.S. 326, 334 (1988); United States v. Caparella, 716 F.2d 976, 980 (2d Cir. 1983). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1). Moreover, although not specifically noted in the statute, courts should also consider whether there is prejudice to the defendant resulting from the delay. Taylor, 487 U.S. at 340; United States v. Hernandez, 863 F.2d 239, 243 (2d Cir. 1988). Taken together, these factors indicate that the Court should dismiss Count 1 of the Indictment without prejudice.

        i.       Seriousness of the Offense

First, "[a]ny charge related to drug transactions must be considered serious today." United States v. Giambrone, 920 F.2d 176, 178 (2d Cir. 1990). Count 1 alleges conspiracy to possess and distribute more than fifty (50) grams of crack cocaine, charges the Court regards as serious offenses under the Speedy Trial Act. See United States v. Simmons, 786 F.2d 479, 485 (2d Cir. 1986); United States v. Tunnessen, 763 F.2d 74, 79 (2d Cir. 1985). That Count 1 alleges conspiracy is of no less seriousness. The enactment of 21 U.S.C. § 846 demonstrates that

5

Congress deems conspiracy to commit a drug-related offense to be just as serious as the actual commission of the offense by applying the same penalties to attempt and conspiracy as to the substantive offense. 21 U.S.C. § 846. Therefore, this factor weighs in favor of dismissal without prejudice.

    ii.  Facts and Circumstances of the Case

The second factor for the Court to consider are the facts and circumstances that led to the violation of Section 3161(b). The main considerations here are the length of delay and the reasons for it. "Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." United States v. Cortinas, 785 F. Supp. 357, 360 (E.D.N.Y. 1992) (citing Simmons, 786 F.2d at 485). Defendant alleges that 234 days of unexcluded time passed between Defendant's arrest and the date of the Indictment. Def. Memo. (Dkt. No. 11) at 1. The Government does not challenge this allegation. As over thirteen months have passed, the Court finds the delay in this case to be serious.

The inquiry turns to who is responsible for the delay and for what reasons. The Second Circuit has commented that "dismissals with prejudice are not warranted absent a showing of more than an isolated unwitting violation of speedy indictment by the prosecutor. Dismissals with prejudice generally require a showing of truly neglectful attitude, bad faith, a pattern of neglect or other serious misconduct, as well as actual prejudice to the defendant." United States v. Gaskin, 364 F.3d 438, 451 (2d Cir. 2004) (citations and quotations omitted). Delay attributable to Defendant weighs against dismissal with prejudice. United States v. Agostini, 279 F. Supp. 2d 276, 279 (S.D.N.Y. 2003).

The Government argues that the delay in filing the Indictment was not the result of bad faith on its part, but rather the Government contends that the delay in obtaining the Indictment

6

was at the request of Defendant through his attorney. Gov't Memo. (Dkt. No. 21) at 9.

In the present case, Defendant does not claim, nor is there evidence, of bad faith by the Government. As evidenced by the exhibits attached to the Government's memorandum of law, numerous meetings were held during the period in question between the Government and Defendant's counsel to discuss a possible plea. These exhibits demonstrate that Defendant requested to delay the Indictment against him in order to resolve perceived errors with several prior state convictions which would possibly affect his career offender level and criminal history categorization in the present case. Gov't Memo. (Dkt. No. 21; Ex. C). For example, in a December 22, 2004 letter, Defendant's former counsel Crist advises Defendant that:

> there is at this time no written [speedy trial] stipulation in place. AUSA Moreno has refrained from not placing your case before the grand jury, only because of my request, which was done because of our many conversations on this issue. We have discussed your desire to have time to resolve issues relating to, among other things, your criminal history, including past criminal convictions . . .

Gov't Memo. (Dkt. No. 21, Ex. C).[2]

In support of its argument, the Government has also submitted an affidavit from Crist, Defendant's former counsel during the period at issue, which states that "[d]uring my representation of Mr. Chapman, and upon his consent, I requested that AUSA Moreno refrain from submitting the matter to the grand jury." Gov't Memo. (Dkt. No. 21, Ex. D). Additionally,

---

[2] Similarly, in an October 27, 2004 letter, Crist advises Defendant that:

> we have agreed with the government to extend the time for the government to bring an indictment against you. If you should desire to change this arrangement, which would of course include your pressing the government towards a speedy disposition and trial of your charges, please advise as soon as possible, in writing.

Gov't Memo. (Dkt. No. 21, Ex. C). In a December 2, 2004 letter, Crist advises Defendant that "we are holding speedy trial time in abeyance." Id.

Joseph McCoy, Defendant's present counsel states in his affirmation that the period from March 11, 2005 to April 25, 2005 was a result of his request, on behalf of Defendant, to the Government to delay indictment to provide Defendant a short period of time to consider his options. McCoy Aff. (Dkt. No. 11) at ¶¶ 17-19.

Although the Court discourages both the Government and defense counsel from utilizing informal, oral understandings that do not meet the requirements of excludable time under the Speedy Trial Act, the existence of such agreements should be considered when determining whether a dismissal for a violation of the Speedy Trial Act should be done with or without prejudice. The facts and circumstances of the present case demonstrate that Defendant was aware of, consented to, and in fact requested that the Government not present his case to the Grand Jury. Furthermore, the Court finds no evidence of bad faith on the part of the Government and therefore finds that this factor weighs in favor of dismissal without prejudice.

### iii.   Impact of Reprosecution and Prejudice to Defendant

"The [Speedy Trial] Act is intended both to protect the defendant from undue delay in the resolution of his case and to benefit society by ensuring quick resolution of criminal trials." United States v. Fajardo, 97 CR. 614, 1997 U.S. Dist. LEXIS 16670, at *9 (S.D.N.Y. Oct. 28, 1997).

However, it is certainly not necessary to dismiss every charge in violation of the Speedy Trial Act with prejudice to ensure proper administration of the Act. United States v. Taylor, 487 U.S. 326, 342 (1988). Dismissal without prejudice forces the Government to obtain a new indictment, which raises statute of limitations concerns. Even though a dismissal with prejudice sends a stronger message to deter future violations of the Speedy Trial Act, a dismissal without prejudice also provides deterrence. Taylor, 487 U.S. at 343.

8

"Prejudice typically involves the effect that delay has on a defendant's ability to mount a defense." United States v. Peppin, 365 F. Supp. 2d 261, 267 (N.D.N.Y. 2005) (Hurd, J.) (citations omitted). "But inordinate delay may also prejudice a defendant by interfering with his liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." Id. at 267; United States v. Mancuso, 302 F. Supp. 2d 23, 33 (E.D.N.Y. 2004).

While Defendant has not articulated prejudice on his ability to mount a defense and the Government contends that the delay has put him in a better situation by requesting documentation that Defendant believes would support his claim that he is not a career offender, the Court finds that the Defendant's continual incarceration during the period in question constitutes prejudice and weighs in favor of dismissal of Count 1 with prejudice.

After reviewing the factors discussed in United States v. Taylor, 487 U.S. 326, 334 (1988), the Court finds that on the whole, the seriousness of the offense with which Defendant is charged, the facts and the circumstances that led to the delay, and the effects of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice dictates that this Court, in its discretion, dismiss Count 1 of the Indictment without prejudice.

B.   Lack of Jurisdiction

Defendant seeks the dismissal of Counts 1 and 2 on the grounds that the activity alleged in these Counts occurred on or about March 17, 2003, and took place in Rockland County, New York, and so therefore jurisdiction lies in the Southern District of New York and not this Court. Def. Memo. (Dkt. No. 11) at 2. The Government consents to the dismissal of Count 2. Gov't Memo. (Dkt. No. 20) at 13. Therefore, the Court will dismiss Count 2 of the Indictment.

9

The Government contends that dismissal of Count 1, which alleges that Defendant knowingly and intentionally conspired to possess with intent to distribute more than fifty grams of crack cocaine, is not warranted as the object of the conspiracy was the eventual distribution of narcotics in the Plattsburgh, New York area, which is located within the Northern District of New York and that Count 2 was not the only act in furtherance of this conspiracy. Gov't Memo. (Dkt. No. 20) at 13.

As Counts 3 through 6 also allege acts in furtherance of the conspiracy, the Court finds that it possesses jurisdiction over Count 1 of the Indictment regardless of the dismissal of Count 2. Therefore, the Court denies Defendant's motion for dismissal of Count 1 on the grounds of lack of jurisdiction, but for reasons already stated, will dismiss Count 1 without prejudice as a result of a violation of the Speedy Trial Act.

C.   Evidence Seized On November 6, 2003

Defendant seeks suppression of all evidence obtained through a search warrant executed on or about November 6, 2003 at the residence of Shelly Flura in Plattsburgh, New York. Def. Memo. (Dkt. No. 11) at 2. Chapman believes that this search resulted in the seizure of the Western Union wire transfers which led to the charges contained in Counts 7 through 20 of the Indictment. Id. Lastly, Defendant states that he has not been provided with an unredacted copy of the search warrant, nor the accompanying affidavits or the return by the U.S. Attorney[3], and

---

[3] The Government asserts that it is in compliance with its discovery obligations and states that numerous documents, including consent to search forms signed by Shelly Flora, the application for the search warrant, and a search warrant receipt and inventory form have been provided to Defendant. Gov't Memo. (Dkt. No. 21) at 14. The Government has attached the consent to search forms and the application for the search warrant to their Memorandum. Id. at Ex. E. The Court reminds the Government that it must be "mindful of its continuing obligation to promptly produce additional discovery should any arise." United States v. Allen, 289 F. Supp. 2d 230, 236 (N.D.N.Y. 2003) (Munson, J.).

requests a Franks[4] hearing to determine if probable cause existed to apply for a warrant and subsequently search the premises. McCoy Aff. (Dkt. No. 11) at ¶¶ 33-35. The Government opposes this request, asserting that Defendant does not have standing to challenge the search. Gov't Memo. (Dkt. No. 20) at 13.

The Supreme Court has held that Fourth Amendment rights are personal, and that defendants "may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated." United States v. Salvucci, 448 U.S. 83, 85 (1980); see also Rakas v. Illinois, 439 U.S. 128, 134 (1978). As the moving party, Defendant has the burden of establishing that he had a legitimate expectation of privacy in the item seized or the place searched. United States v. Osorio, 949 F.2d 38, 40 (2d Cir. 1991). "Neither possession nor ownership of property establishes a legitimate expectation of privacy unless the party vigilantly protects the right to exclude others." United States v. Torres, 949 F.2d 606, 608 (2d Cir. 1991). Such a showing is the necessary first step to succeeding on a motion to suppress. United States v. Rahme, 813 F.2d 31, 34 (2d Cir. 1987).

In the present case, Defendant has failed to meet this burden. Defendant has not alleged any facts in support of the conclusion that he had a reasonable expectation of privacy in the Western Union receipts that were recovered from the residence of Shelly Flora on November 6, 2003 or the residence itself. Therefore, the Court concludes that Defendant has no expectation of privacy in the apartment of Shelly Flora and denies Defendant's motion to suppress and Defendant's request for a Franks hearing to determine the validity and veracity of the information which led to the issuance of the search warrant.

---

[4] Franks v. Delaware, 438 U.S. 154 (1978).

    D.    Interstate Commerce

Next, Defendant asserts that no evidence of transactions affecting interstate commerce were presented to the Grand Jury to support Counts 7 through 20, which charge Defendant with conducting and conspiracy to conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity with intent to promote the carrying on of specified unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h), and asks that the Court review the Grand Jury minutes. McCoy Aff. (Dkt. No. 11) at ¶ 37.

Defendant appears to be asserting that the Western Union wire transfers that serve as the bases for Counts 7 through 20 were sent intrastate and therefore did not affect interstate commerce. Defendant's interpretation is mistaken. The Second Circuit Court of Appeals has made clear that "conduct that takes place entirely intrastate and that has no substantial effect on interstate commerce" may nevertheless be prohibited by Congress where it makes use of a "privately owned instrumentality of interstate commerce." United States v. Gil, 297 F.3d 93, 99-100 (2d Cir. 2002). Use of Western Union wire transfers, even while utilized solely intrastate, constitutes use of a quintessential instrumentality of interstate commerce. United States v. Marek, 238 F.3d 310, 320 (5th Cir. 2001) (citing Gil, 297 F.3d at 100). As a result, the Court denies Defendant's motion to dismiss on this ground and denies Defendant's request for review of the Grand Jury minutes.

    E.    *Pro Se* Motion

Lastly, Defendant has submitted an affirmation dated August 12, 2005, in which he seeks dismissal of Counts 4 through 6, which charge Defendant with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Chap. Aff. (Dkt. No. 20). In his affidavit, Defendant appears to argue that the criminal complaint and Clinton County Sheriff's Department Buy Sheets indicate that crack cocaine was purchased from

Laquan Perkins ("Perkins") and that Defendant was driving the vehicle that carried Perkins. Id. Therefore, Defendant contends that he cannot be charged with committing Counts 4 through 6. Id. at 2. Defendant is in error. "To sustain a conviction for possession with intent to distribute cocaine, there is no requirement that the government present evidence that [defendant] was ever in actual or constructive possession of the cocaine; the government need only present sufficient evidence to allow the jury to find beyond a reasonable doubt that [defendant] was guilty of aiding and abetting [codefendants] in their possession with intent to distribute cocaine." United States v. Cooper, 873 F.2d 269, 272-73 (11th Cir. 1989). As a result, Defendant's argument fails and his motion to dismiss on this ground is denied.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED, that Defendant's motion to dismiss Count 1 of the Indictment as violating the Speedy Trial Act is **GRANTED** without prejudice; and it is further

ORDERED, that Defendant's motion to dismiss Count 2 of the Indictment for lack of jurisdiction is **GRANTED**; and it is further

ORDERED, that Defendant's omnibus motion is **DENIED** in all other respects; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:     November 01, 2005
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

13